**Curtis GARRETT, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 86–1233.**

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1987.
Rehearing Denied Feb. 20, 1987.

Ward Casey, Ft. Worth, Tex., for petitioner-appellant.

David B. Fannin, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES Circuit Judges.

EDITH H. JONES, Circuit Judge.

In this appeal, the petitioner, Curtis Garrett, requests review of the district court's denial of his application for a writ of habeas corpus. For the reasons set out below, we REVERSE the district court's decision and GRANT petitioner the writ.

## I. FACTS

On October 26, 1979 Curtis Garrett was convicted by a Texas jury of two counts of bribery. The convictions were affirmed by the Court of Appeals for the Second Supreme Judicial District of Texas,[1] and the Texas Court of Criminal Appeals.[2]

Garrett subsequently filed a state application for a writ of habeas corpus pursuant to Tex.Code Crim.Proc.Ann. art. 11.07 (Vernon Supp.1986), asserting, inter alia, that the bribery indictments used to indict him were fundamentally defective. Without an evidentiary hearing, and without making a recommendation as to the merits of Garrett's application, the trial court forwarded the habeas corpus proceedings to the Texas Court of Criminal Appeals. Finding the application to have been improvidently set, the Court of Criminal Appeals denied and dismissed it.

Having exhausted his state remedies, Garrett moved to the federal forum where he again challenged the sufficiency of the indictments.[3] The district court found the indictments sufficient to confer jurisdiction on the trial court and Garrett was once again denied relief. Nevertheless, the district court issued a certificate of probable cause to appeal.

## II. WHETHER REVIEW OF THE SUFFICIENCY OF THE INDICTMENTS IS FORECLOSED

Garrett claims that the bribery indictments were fundamentally defective and, as such, deprived the convicting court of jurisdiction. In determining whether a state indictment is sufficient to confer jurisdiction on a convicting court, federal habeas courts typically look to the law of the state where the indictment was issued. *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984). "When it appears ... that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial

---

1. *Garrett v. State*, 639 S.W.2d 18 (Tex.App.—Fort Worth 1982).

2. *Garrett v. State*, 658 S.W.2d 592 (Tex.Crim. App.1983).

3. This was the second time Garrett filed an application for a federal writ of habeas corpus.

When he filed the first time, his state application was still pending. Because of his pending state application, the first federal writ was dismissed for failure to exhaust state remedies. Some time thereafter, the state dismissed his application, and Garrett reapplied for habeas relief in the federal forum.

court had jurisdiction over the case, the issue is foreclosed to the federal habeas court." *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir.1969) (cited with approval in *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985)).

■ Garrett did not include the sufficiency of indictment issue in his direct appeal to the Court of Criminal Appeals. As a result, the first opportunity given the Court of Criminal Appeals to review this issue came when Garrett applied for post-conviction habeas relief. The Court of Criminal Appeals, without addressing the merits of Garrett's habeas application, issued the following order:

> It now appearing that this Court's decision on January 19, 1984 to file and set this application for writ of habeas corpus was improvident, the applicant's application for writ of habeas corpus is hereby denied and the cause dismissed.

From this order, it is not clear why the Court of Criminal Appeals dismissed Garrett's application, and it is certainly not clear whether the Court of Criminal Appeals considered the merits of the application. However, this Court held in the case of *Alexander v. McCotter* [4], that it does not matter whether the Court of Criminal Appeals expressly addresses the validity of indictments, as long as the indictment claim is fairly presented to the court and its rejection is manifestly clear.

In *Alexander v. McCotter*, the petitioner, like Garrett, raised a sufficiency of indictment argument which was rejected without

comment by the Court of Criminal Appeals. A panel of this Court found that the Texas Court of Criminal Appeals had in fact considered the sufficiency of the petitioner's indictment, even though it had not expressly ruled on the alleged deficiencies. Unlike *Alexander*, we find that the Court of Criminal Appeals did not consider the sufficiency of Garrett's indictments; rejection of Garrett's application as improvidently set, without more, was not a ruling on the merits.[5] Hence, we must examine the indictments to determine whether they were sufficient to vest jurisdiction in the trial court.

## III. SUFFICIENCY OF THE BRIBERY INDICTMENTS

The indictments filed in this case followed the phrasing of an earlier statute by alleging that Garrett had committed bribery by:

> intentionally and knowingly offering, conferring and agreeing to confer benefits, namely: money, on Don Evans, a public servant, namely: an investigator for the Tarrant County Criminal District Attorney's Office, *with intent to influence* the said Don Evans in a specific performance of his official duties, namely: to fail and to omit to conduct investigations into the defendant's illegal gambling activities and to warn defendant of investigations and raid by law enforcement agencies, in violation of said Don Evans [sic] official duties. (Emphasis added.)

---

4.  775 F.2d 595, 599 (5th Cir.1985).

5.  It is not uncommon for courts to grant an application of one type or another, then decide that such a grant was improvident and accordingly dismiss the application. In fact, the Supreme Court routinely dismisses as improvidently granted prior grants of applications for writs of certiorari without addressing the merits of an appeal. Such action has been taken when the Court finds:

(1) that it is "unable or unwilling to decide the question presented by the parties...." *New Jersey v. T.L.O.*, 468 U.S. 1214, 1215, 104 S.Ct. 3583, 3584, 82 L.Ed.2d 881 (1984) (Stevens, J., dissenting); (2) a petitioner has misstated facts in his petition so as to create nothing more than

a purely artificial and hypothetical issue. *Conway v. California Adult Authority*, 396 U.S. 107, 90 S.Ct. 312, 24 L.Ed.2d 295 (1969); (3) consideration of a previously granted writ would amount to an advisory opinion. *Id.;* (4) where it is determined that the issue was presented to the wrong tribunal. *Noyd v. Bond*, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); (5) where facts have not been presented with enough clarity to enable the court to decide the issue. *Gilbert v. State of California*, 388 U.S. 263, 269, 87 S.Ct. 1951, 1954–55, 18 L.Ed.2d 1178 (1967); (6) where the Court is without jurisdiction. *Newsom v. Smyth*, 365 U.S. 604, 81 S.Ct. 774, 5 L.Ed.2d 803 (1961).

The *current* bribery statute defines bribery as "intentionally or knowingly" offering, conferring, or agreeing to confer "any benefit *as consideration for* the recipient's decision ..." to violate a duty imposed by law. Tex.Penal Code Ann. § 36.02 (Vernon Supp.1986). Thus, Garrett contends that the indictment was fundamentally defective under Texas law because it included the *"with intent to influence"* language in lieu of the essential element *"as consideration for."* The state, on the other hand, argues that it matters not whether the word "consideration" was used in the indictment, since when read as a whole, the indictment encompasses this element.

When determining the sufficiency of a Texas indictment, one should begin with the premise articulated in article 21.03 of the Texas Code Crim.Proc.Ann.: "Everything should be stated in an indictment which is necessary to be proved." Going one step further, "[a]n indictment or information must by direct and positive averments allege all the constituent elements of the offense sought to be charged. Nothing must be left to inference or intendment." *Chance v. State,* 563 S.W.2d 812, 814 (Tex. Crim.App.1978) (en banc) (cites omitted). But, article 21.17 of the Tex.Code Crim. Proc.Ann. provides: "words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning or which include the sense of the statutory words."

■ The first step that must be considered is whether the "as consideration for" language is an essential element of the offense. An en banc Court of Criminal Appeals has held that it is. *McCallum v. State,* 686 S.W.2d 132, 135–36, 139 (Tex. Crim.App.1985). Being an essential element but not having been included in the indictment, the next step is to determine whether the "consideration" element is supplied in the indictment by other words conveying the same meaning when the indictment is viewed as a whole. The Texas Court of Criminal Appeals has stated that

"a benefit as consideration for" includes "a bilateral arrangement—in effect an illegal contract to exchange a benefit as consideration for the performance of an official function." *Id.* at 136. The state argues, of course, that the indictment encompasses this bilateral arrangement: that Garrett intentionally offered or conferred a benefit (money) on a public servant so that the public servant would refrain from investigating Garrett's illegal gambling activities.

The state's argument is convincing at first glance. It appears, however, that the Texas Legislature intentionally replaced "with intent to influence" with "any benefit as consideration for" in order to avoid "application of the bribery sanction to situations where gifts are given in mere hope of influence, without any agreement by the donee." The American Law Institute's Model Penal Code, Reprint-Proposed Official Draft, § 240.1 (May 4, 1962) (cited and quoted in *McCallum,* 686 S.W.2d at 135). See also the legislative bill analysis of Senate Bill 127 of the 64th Leg., 1975, (cited and quoted in *McCallum* 686 S.W.2d at 135) which addresses the amendments to the bribery statute: ("use [of] the term 'as consideration for' in lieu of 'intent to influence' [was] to emphasize the bargain aspect of the bribery...."). As *McCallum* concludes, the change in language was intended to stiffen the requirements for a bribery conviction. *McCallum,* 686 S.W.2d at 134–35, 139.

As a result, the indictments in this case, based solely on prior law, cannot be construed in such a way that the allegations would be considered sufficient to confer jurisdiction on the trial court. We cannot reconcile the language in the indictments that Garrett had the "intent to influence" the assistant district attorney with the requirement of the modified statute that such an intent bore fruition in a bilateral arrangement. The remaining allegations do not salvage the indictment by establishing such a bilateral arrangement. At most, they expand on Garrett's motivation.

For these reasons, the district court's judgment is REVERSED and the writ of habeas corpus GRANTED.[6]

---

6. Sufficiency of Texas indictments as a basis for habeas relief will soon become rare because an amendment was added to the Texas Constitution making it possible for the Texas Legislature to change the charging instrument law. Tex. Const. art. V, § 12. Effective December 1, 1985, any defect in a charging instrument must be raised and objected to "before the date on which the trial on the merits commences." If an objection is not so made, the defendant waives any right to relief and will therefore be foreclosed from raising the defect on appeal or in post-conviction habeas proceedings. Tex.Code Crim. Proc.Ann. art. 1.14(b) (Vernon Supp.1986).