United States Court of Appeals,

Fifth Circuit.

Nos. 92-1283, 92-8567.

Mark Donald McKAY, Petitioner/Appellant,

v.

James A. COLLINS, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent/Appellee.

Elliott WILLIAMS, Petitioner/Appellee,

v.

James A. COLLINS, Director, Texas Dept. of Criminal Justice, Institutional Division, and Dan Morales, Attorney General, Respondents/Appellants.

Jan. 26, 1994.

Appeals from the United States District Court for the Western District of Texas and the United States District Court for the Northern District of Texas.

Before DUHÉ and EMILIO M. GARZA, Circuit Judges, and BLACK,[1] District Judge.

NORMAN W. BLACK, District Judge:

These consolidated appeals follow rulings by district courts in Texas on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitions involved similar issues, yet resulted in different rulings. We REVERSE the district court's ruling in the Williams, case 802 F.Supp. 1530, and AFFIRM the district court's ruling in the McKay case.

I.

Defendant/Petitioner/Appellee Williams pled guilty to three separate indictments charging aggravated robbery with a deadly weapon, a first-degree felony, and to a fourth indictment charging escape from a penal institution, also a felony. On May 17, 1988, Williams was sentenced to serve 60 years on each of the robbery charges, to run concurrently, and to serve 10 years on the escape charge. The convictions were affirmed on direct appeal by the Third Court of Appeals of Texas in a per curiam written unpublished opinion filed April 19, 1989. In Williams's state court habeas proceeding,

[1]Chief Judge of the Southern District of Texas, sitting by designation.

he raised only two issues: (1) whether the indictments were fundamentally defective rendering his conviction and sentence void and (2) whether defense counsel was constitutionally ineffective for failing to raise the issue of the defective indictments. The Texas Court of Criminal Appeals denied the petition without written order.

Williams filed his federal petition on August 7, 1991. Respondent moved for summary judgment asserting that the state's highest court of criminal appeals had reviewed the contested indictments and found them sufficient to confer jurisdiction on the state trial court. The magistrate judge to whom the motion was referred issued a report and recommended that summary judgment be granted. The district court rejected the magistrate judge's recommendation and granted the petition, finding that the indictments were defective to the extent that the state court did not have jurisdiction.

McKay plead guilty to felony murder and was sentenced to serve forty years in prison. He did not pursue a direct appeal, but instead sought habeas relief in the state system. The state petition raised the same two issues raised by Williams[2] and was denied without written order on March 1, 1989. This federal petition for habeas relief was filed, the Director filed a motion for summary judgment which was referred to the magistrate judge who recommended that relief be denied. The district court adopted the magistrate judge's report and recommendation and denied relief.

## II.

The initial issue raised by Appellants is whether the district courts erred in their rulings regarding whether the state courts had not reviewed the claimed defects in the indictments and found them sufficient to confer jurisdiction on the trial courts. The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Branch v. Estelle,* 631 F.2d 1229 (5th Cir.1980). Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. *Millard v. Lynaugh,* 810 F.2d 1403 (5th Cir.), *cert. denied* 484 U.S. 838, 108 S.Ct. 122,

---

[2]The alleged defect in McKay's indictment was the absence from his felony murder charge of the culpable mental state for the predicate offense of forgery, specifically the language "with intent to defraud or harm another."

98 L.Ed.2d 81 (1987); *Alexander v. McCotter,* 775 F.2d 595 (5th Cir.1985). The district court in Williams found that the state court had not considered and ruled on Williams's claim that the indictments were fundamentally defective, citing *Garrett v. McCotter,* 807 F.2d 482 (5th Cir.1987). Resolution of this issue depends upon whether *Alexander* or *Garrett* applies in these cases.[3]

In *Alexander,* Petitioner asserted that his burglary indictment was fundamentally defective. The petition was denied and Petitioner appealed. The Fifth Circuit affirmed, noting that the Texas Court of Criminal Appeals in declining to grant relief "necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." 775 F.2d at 599. In *Garrett,* Petitioner also asserted that his indictment was fundamentally defective. The Texas Court of Criminal Appeals issued an order denying and dismissing the petition as improvidently set. The Fifth Circuit held that the "improvidently set" order was not a ruling on the merits. The Court described a number of reasons why a case would be dismissed as improvidently set and compared the situation to that presented in *Alexander* in which the denial was on the merits. 807 F.2d at 484.

Based upon the Court's statements in *Garrett* noting the many reasons, other than a ruling on the merits, for which a case could be dismissed as improvidently set and also upon the *Garrett* court's apparent recognition that *Alexander* would still control situations in which the decision was on the merits, we hold that *Alexander* governs these cases and would preclude federal habeas review of the state courts' decisions.

Even were we not to apply *Alexander* to these cases to hold that federal habeas review is precluded, we would hold that the district court would be required to accord due deference to the state courts' interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction. *Moreno v. Estelle,* 717 F.2d 171 (5th Cir.1983), *cert. denied* 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984). The question whether a defective state indictment

---

[3]The Williams district court in his opinion includes an extensive discussion of *Ylst v. Nunnemaker,* --- U.S. ----, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) regarding the circumstances under which a federal court should defer to a state court finding of procedural default. In Williams, however, the Director does not argue that the Texas court found the indictment sufficiency issue procedurally defaulted. Instead, the Director argues that the Texas court found the indictments to be sufficient on the merits, citing *Alexander.*

confers jurisdiction on the state trial court is a matter of state law. *Lavernia v. Lynaugh,* 845 F.2d 493 (5th Cir.1988); *Bueno v. Beto,* 458 F.2d 457 (5th Cir.), *cert. denied* 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140 (1972). A 1985 amendment to the Texas Constitution provides that the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *Texas Constitution,* Art. 5, § 12(b). Williams argues that the amendment does not apply because the indictment was defective in failing to include an essential element and, therefore, does not qualify as an indictment. The Texas courts have held, however, that failure to include an essential element of the crime charged, which constitutes a defect of substance, does not deprive the trial court of jurisdiction. *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). In Williams, the grand jury returned the indictments on January 20, 1988, well after the 1985 amendment, thereby investing the trial court with jurisdiction. Similarly, the grand jury returned the McKay indictment in the January 1986 term. As a result, according due deference to the state courts' interpretation of the 1985 amendment, the alleged defects in the indictments did not deprive the state trial courts of jurisdiction and the Williams court's ruling to the contrary must be reversed.

Petitioners also assert that, notwithstanding state law, the defects in the indictments deprived them of notice of the charges against them in violation of the Sixth Amendment to the United States Constitution. Specifically, Williams argues that the absence of the terms "intentionally or knowingly" resulted in a failure to charge the culpable mental state of intent. We find, however, that the common definition of the word "threaten" necessarily includes intent and substitution of "threaten" for "intentionally or knowingly" provides adequate notice of the charges. The standard for determining the sufficiency of an indictment is based upon practical, not technical considerations. *United States v. Chaney,* 964 F.2d 437, 446 (5th Cir.1992). The test involves minimal constitutional standards, not whether a better indictment could have been written. *Id.* The essential elements of the offense, including knowledge or intent, must be included in the indictment but need not be expressed in any specific terms. *United States v. Arteaga-Limones,* 529 F.2d 1183 (5th Cir.), *cert. denied* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976). The "plain and sensible meaning of the language used" may give the defendant notice sufficient to meet the requirements of the sixth amendment. *United*

*States v. Haas,* 583 F.2d 216 (5th Cir.1978), *cert. denied* 440 U.S. 981, 99 S.Ct. 1788, 60 L.Ed.2d 240 (1979). An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted. *United States v. Salinas,* 956 F.2d 80 (5th Cir.1992) (construing federal indictment).

Williams's argument that the culpable mental state has a technical meaning and no substitutions should be allowed, citing *Chance v. State,* 563 S.W.2d 812 (Tex.Crim.App.1978), is without merit. Initially, we note that the *Chance* case was decided prior to the 1985 amendment. Additionally, the issue is whether the indictment is sufficient under federal constitutional standards. The fact that an indictment is insufficient under state penal code statutes does not necessarily affect the federal constitutional determination as to whether the indictment gives a defendant notice of the charge against him. *United States v. Webb,* 747 F.2d 278 (5th Cir.1984), *cert. denied* 469 U.S. 1226, 105 S.Ct. 1222, 84 L.Ed.2d 362 (1985).

In McKay, the term "attempt" by definition includes the element of intent. *Ex parte Bailey,* 600 S.W.2d 331, 332 (Tex.Crim.App.1980). Additionally, the terms "unlawfully" and "felony" in connection with the forgery predicate offense are adequate substitutes for the "to defraud or harm another" language which is missing. A person may forge a writing without violating the state forgery statute, but he may not forge a writing "unlawfully" without intending to "defraud or harm another." *See United States v. Lilly,* 512 F.2d 1259 (9th Cir.1975) (the term "feloniously" was sufficient to give notice of the element of specific intent to steal in a robbery charge).

### III.

Pursuant to the Fifth Circuit authority set forth in *Alexander v. McCotter,* the state courts' implicit findings in Williams and McKay that the indictments were not fundamentally defective should end the inquiry. The 1985 amendment to the Texas Constitution makes it clear that the presentment of the indictments invested the trial courts with jurisdiction. The substituted terms in the Williams and McKay indictments were constitutionally adequate to give notice of the charges. Consequently, neither Williams nor McKay is entitled to federal habeas relief.

For the foregoing reasons, the decision of the United States District Court for the Western

District of Texas in *Williams v. Collins* is REVERSED AND THE PETITION DISMISSED and the decision of the United States District Court for the Northern District of Texas in *McKay v. Collins* is AFFIRMED.