IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60426
Summary Calendar
_____

FRANK RAMSEY,

Petitioner-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No.2:92-CV-129-S
- - - - - - - - - -
April 9, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Frank Ramsey, #05553, appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Ramsey argues that the habitual-offender portion of his indictment is fatally defective because it was based on a prior conviction for which his sentence was served in county jail. The Mississippi Supreme Court held Ramsey's indictment sufficient under state law, thus, consideration of Ramsey's claim is foreclosed. McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramsey argues that he was denied effective assistance of counsel because his attorney allowed him to be sentenced based on the defective indictment. We have reviewed the record and find no reversible error. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Ramsey argues for the first time on appeal that his indictment is fatally defective because the language charging him as an habitual offender was placed after the phrase "against the peace and dignity of the state" and that he was denied effective assistance of counsel because his attorney allowed him to be sentenced as a habitual offender based on the defective indictment. This court declines to review these claims. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

Ramsey also raises issues concerning extradition, double jeopardy, cruel and unusual punishment, admissibility of evidence, the prosecution's closing remarks, the sufficiency of the evidence, failure of the affidavit of the foreman to accompany the indictment, and ineffective assistance of counsel. Ramsey failed to argue or discuss these issues in his appellate brief; thus, they are abandoned. Fed. R. App. P. 28(a); Grant v. Cuellar, 59 F.3d 523, 525 (5th Cir. 1995).

AFFIRMED.