IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-30861

WALTER J EVANS

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Walter J. Evans ("Evans") is a Louisiana State Penitentiary inmate who seeks to reverse the district court's denial of his habeas corpus petition and requests immediate release from incarceration. For the reasons set forth below, we deny relief and affirm the district court.

## FACTS AND PROCEEDINGS

Evans was indicted by a Louisiana grand jury on two counts of aggravated rape, one count of attempted aggravated rape, and one count of armed robbery. He was found guilty on all charges. On August 9, 2002, the trial court signed an *ex parte* order granting Evans a new trial but also orally denied his motion for a new trial. The docket notes that the motion was denied and granted on the

same day without indicating which came first. Evans stipulates, and the State does not dispute, that the order was faxed to the trial court which signed it and returned it within minutes. Later that day, at the sentencing hearing and apparently unaware that the motion had already been signed, Evans's counsel brought the motion to the court's attention. The trial court denied the motion. On August 30, 2002, at a second sentencing hearing, the trial court reiterated its denial of the motion for a new trial. The parties agree that the trial court intended to deny Evans's motion for a new trial but disagree with respect to whether the trial court was merely remedying a clerical error in doing so or re-evaluating a prior determination. Evans was sentenced to life imprisonment for the aggravated rape counts, sixty-five years at hard labor for the attempted aggravated rape count, and sixty years at hard labor for the aggravated robbery count, all to be served concurrently.

A series of state court postconviction and habeas corpus petitions followed. All were denied. Evans then filed a petition for habeas relief in federal court, raising four grounds of error. The district court denied the petition. Evans sought a certificate of appealability ("COA") from this court which was granted on the sole issue of whether the Louisiana trial court lacked jurisdiction to sentence him after it had granted his motion for a new trial. Shortly thereafter, Evans filed a "Motion For Order Staying Pending Appeal."

## STANDARD OF REVIEW

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001) (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998)). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief challenging a judgment of a state court may only be granted if "the adjudication . . . (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . .; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

## DISCUSSION

### I. Motion to Stay

In his Motion to Stay, Evans urges that we stay the determination of his remaining claim while he seeks re-review of his original claims in the Louisiana Fifth Circuit Court of Appeal according to the Louisiana Supreme Court's opinion in *State v. Cordero*, 993 So. 2d 203 (La. 2008). We deny his motion.

In *Cordero*, the Louisiana Supreme Court remedied a deficiency in the Louisiana Fifth Circuit's process of reviewing pro se, postconviction applications for supervisory writs, a process that fell short of the state constitution's requirements. 993 So. 2d at 204–05. Specifically, from February 8, 1994, to May 21, 2007, the Louisiana Fifth Circuit assigned a single judge to review all pro se writ applications while the state's constitution required that the court of appeal "sit in panels of at least three judges." LA. CONST. art. V, § 8(A); *see also Johnson v. Jefferson*, No. 09-2516, 2009 WL 1808718, at *1 (E.D. La. June 19, 2009) (detailing how this revelation came to light). The Louisiana Supreme Court resolved to remand all successive writ applications alleging this deficiency during the relevant period to the Louisiana Fifth Circuit for a properly conducted re-review. *See Cordero*, 993 So. 2d at 204–05; *see also State ex rel. Cushinello v. State*, 7 So. 3d 1176 (La. 2009) (remanding for re-review a successive writ application filed after *Cordero* but making the same arguments). A brief glance at our docket reveals many petitioners whose successive state writs were remanded for re-review by the Louisiana Supreme Court in *Cordero*. Evans intends to seek this re-review and urges that we stay his federal habeas proceedings pending its outcome.

Our denial of Evans's request is guided by Supreme Court precedent. In *Rhines v. Weber*, the Supreme Court held that federal district courts retain their discretion to stay federal habeas proceedings but warned that too frequently staying federal habeas proceedings "has the potential to undermine [AEDPA's] twin purposes" of comity and finality. 544 U.S. 269, 277 (2005). There, the Court indicated that a stay is not justified where it will only result in further delay. *See id.* at 277–78 (stating that "petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review"). A stay may be justified, however, when a petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims." *Id.* at 275. Thus, the Eighth Circuit erred in holding that granting a motion to stay is always impermissible, and the Court remanded for the determination of whether the district court abused its discretion in staying the proceedings. *Id.* at 279.

Here, the circumstances of Evans's case do not justify a stay.[1] First, Evans does not argue that he will be barred from obtaining re-review in the state court by our continued review and disposition of his habeas case. Second, no party here argues that Evans's remaining claim is unexhausted. In fact, the Louisiana Supreme Court has reviewed that claim and denied his application for a supervisory writ. *See State ex rel. Evans v. State*, 904 So. 2d 684 (La. 2005); *cf. Cordero*, 993 So. 2d at 214 (Kimball, J., concurring) ("Many of these cases have, in fact, . . . been reviewed on post conviction by the seven justices of this court in earlier proceedings."). Third, it is apparent that all Evans stands to gain from

---

[1] Evans's case is unlike that in *Gomez v. Dretke*, where this court granted a stay to allow Texas state courts to address whether a prisoner who was a Mexican citizen was entitled to habeas relief based on a Presidential memorandum addressing the treaty-based right to assistance from the Mexican consulate. *See* 422 F.3d 265, 265–67 (5th Cir. 2005). There, Texas courts had not yet ruled on the implications of the Presidential memorandum, and the issue required difficult constitutional determinations, which would be rendered null if the state court granted relief. *See id.* at 267–68. Further, in order for the state court to review the petitioner's state successive writ, our granting a stay was necessary due to Texas's "dual forum" rule. *See id.* at 265–66 & n.4.

a stay is further delay of his already three-year-long federal habeas proceedings. We are at the final stage of those proceedings, and the issues for review have been pared down to the single, uncomplicated question of whether the state trial court had jurisdiction to sentence Evans.[2] In light of the circumstances of Evans's case and in consideration of AEDPA's purposes, Evans's motion to stay is denied.

## II. Jurisdictional Challenge

Evans argues that the trial court exceeded its jurisdiction by sentencing him because, from the time the court signed the order granting a new trial, it was divested of authority under the Louisiana Code of Criminal Procedure. In other words, Evans asserts that the signed order should prevail over the subsequent verbal order denying him a new trial. Evans maintains that because his Fifth, Thirteenth, and Fourteenth Amendment rights were consequently violated, he is entitled to a writ of habeas corpus and immediate release.[3]

The district court determined that Evans's jurisdictional complaint was one of state procedure and did not entitle him to federal habeas relief. Accordingly, it deferred to the state courts' handling of the matter—which had previously denied Evans's request for relief. Finding no unreasonable

---

[2] Our situation is unlike that of a district court facing a *Cordero*-based motion to stay filed at the very outset of a federal habeas proceeding. A district court must carefully assess whether the circumstances of each case justify a stay, *see, e.g., Rhines*, 544 U.S. at 277 ("[A] district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless."), and we do not address the boundaries of the district court's discretion to grant a stay other than to point out that such discretion is limited by the purposes of AEDPA, *see id.* at 276.

[3] Under the Louisiana Code of Criminal Procedure, "[w]hen a defendant obtains a new trial . . . , the state must commence the second trial within one year from the date the new trial is granted, . . . or within the period established by Article 578, whichever is longer." LA. CODE CRIM. PROC. art. 582. Article 578 provides that "no trial shall be commenced nor any bail obligation be enforceable . . . in capital cases after three years from the date of institution of the prosecution." LA. CODE CRIM. PROC. art. 578. Evans was indicted in 2001 and the period of re-trial would have elapsed three years later, in 2004.

determination of the facts in light of the evidence presented at trial and nothing contrary to or involving an unreasonable application of federal law, the district court further noted that the trial court's error was purely ministerial and did not affect the fundamental fairness of Evans's trial.

This court has consistently demonstrated deference to state court determinations of state law, including jurisdictional determinations based on state law. This deference is illustrated in our decisions involving challenges to the sufficiency of a state indictment. There, we have emphasized that "[i]t is settled in this Circuit that the sufficiency of a state indictment is not a matter for federal habeas corpus relief *unless* it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. Unit A 1980) (emphasis added); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (same). In this regard, "[a]n absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause." *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir. 1983). But "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay*, 12 F.3d at 68. In other words, "'[w]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case,'" *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (alterations in original) (quoting *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)), then the question "as to whether a state trial court was deprived of jurisdiction . . . is a question foreclosed to a federal habeas court," *Liner*, 731 F.2d at 1203. An issue may be squarely presented to and decided by the state's highest court when the petitioner presents the argument in his application for postconviction relief and the state's highest court denies that application without written order. *See Alexander*, 775 F.2d at 599 ("By refusing to grant the appellant relief . . . the

Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction . . . ."); *see, e.g.*, *McKay*, 12 F.3d at 68 (holding that an issue was squarely presented to the state's highest court when the petitioner presented the argument in a state application for postconviction relief and the Texas Court of Criminal Appeals denied the application without written order); *see also Garrett v. McCotter*, 807 F.2d 482, 484 (5th Cir. 1987) (determining that an issue has not been sufficiently presented to the state's highest court when that court dismissed the application for postconviction relief as improvidently set).

Here, the question of whether the state trial court lacked jurisdiction to sentence Evans was squarely presented to the Louisiana Supreme Court in Evans's application for a supervisory writ. And, unlike the application in *Garrett*, the Louisiana Supreme Court did not deny the application as improvidently set; instead, the state's highest court "necessarily, though not expressly" held that the state trial court had jurisdiction to sentence Evans. Because this issue was presented to and denied by the Louisiana Supreme Court and because Evans's current argument relies solely on the contention that the state courts misapplied that state law, our review of this claim is therefore precluded.

Even were our review not precluded, we would still be required "to accord due deference to the state courts' interpretations of its own law." *See McKay*, 12 F.3d at 69. The federal district court did not err in this regard. It expressly deferred to the state court's postconviction decision that the state trial court had denied Evans's motion and therefore had jurisdiction to sentence Evans. The record shows that the state trial court adamantly denied Evans's motion in both an August 9, 2002 sentencing hearing and an August 30, 2002 sentencing hearing. Further, Evans initially believed the motion to be denied because he challenged that denial on direct appeal. *See State v. Williams*, 817 So. 2d 40, 47

(La. 2002) ("Even the defendant knew the trial court intended to deny the motion for new trial as is evident from the defendant's appeal of his conviction after the new trial motion was inadvertently signed."). Evans attempts to distinguish this case from *Williams* by pointing to immaterial factual differences, but these differences are insufficient to overcome the deference we pay to the state court's conclusion. Thus, we cannot say that the state postconviction court made an unreasonable determination of the facts in light of the entire record, let alone that it unreasonably applied clearly established federal law (given that all of Evans's arguments are based on state law). Accordingly, Evans is not entitled to federal habeas relief.

## CONCLUSION

The Motion to Stay is DENIED. The district court's judgment is AFFIRMED.