Curtis WEEKS, Petitioner,

v.

James A. COLLINS, Director, Institutional Division, Texas Department of Criminal Justice, Respondent.

No. 93–3708.

United States District Court, S.D. Texas, Houston Division.

Oct. 11, 1994.

David Healey, Arnold, White & Durkee, Houston, TX, Steven Alan Reiss, Weil Gotshal & Manges, New York City, for petitioner.

S. Michael Bozarth, Atty. General's Office, Charles Albert Palmer, Asst. Atty. Gen., for respondent.

### MEMORANDUM AND ORDER

GILMORE, District Judge.

Pending before this Court are cross-motions for summary judgment on Petitioner's application for federal habeas relief. Petitioner, who had tested positive for human immunodeficiency virus (HIV), was convicted of attempted murder for spitting on a prison guard. Because of two prior felony convictions, punishment was enhanced and assessed at confinement for life. The judgment of the trial court was affirmed in *Weeks v. State,* 834 S.W.2d 559 (Tex.App.—Eastland 1992, pet. refused).

The Petitioner has advanced two grounds for habeas review. First, the Petitioner asserts that the State unconstitutionally failed to prove an essential element of the crime of attempted murder, because at trial there was

**546**

no evidence establishing that spitting by an HIV-infected person "tends to" cause death, as required by Texas law. Second, the Petitioner contends that the trial court's charge to the jury was constitutionally inadequate under the fourteenth amendment's due process clause.

With regard to the first ground, the Petitioner has alleged that the State failed to demonstrate that Petitioner's act of spitting on the prison guard when Petitioner was HIV-positive tended but failed to effect the commission of the intended offense, the prison guard's death. Petitioner first asserts that the State offered no proof that Petitioner's saliva contained HIV. Petitioner further asserts that the State also failed to establish that even had Petitioner's saliva contained HIV, his act of spitting on the prison guard would tend to transmit the virus.

■ A central focus of the Petitioner's allegation is that the state courts applied an incorrect legal standard to the last element of the attempt statute. The statute reads that

> [a] person commits an offense, if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

Tex.Penal Code Ann. § 15.01(a) (Vernon 1994). Petitioner argues that Texas law requires defendant have a proven capability to accomplish the intended offense, but that the state courts erroneously required only some mere theoretical possibility.

The Texas Court of Appeals states the prosecution's burden was to show that the Petitioner "committed an act, which amounted to more than mere preparation, that could have caused the death of the complainant but failed to do so." *Weeks v. State*, 834 S.W.2d 559, 561 (Tex.App.—Eastland 1992). Petitioner believes that this is a misapprehension

of the elements of the offense.[1] After reviewing the arguments of the parties as well as the appellate opinion confirming the conviction, this Court finds the words "could have" and "tends to" have been used interchangeably in this instance, and the Court of Appeals did not by its use of the word "could" intend to minimize or diminish the requirements of that element. Moreover, this circuit has also analyzed the "tends" element by inquiring whether a certain consequence "could" result from certain conduct. *See Alexander v. McCotter*, 775 F.2d 595, 598 (1985) (testimony that the lug wrench "could be" used to kill a person). Accordingly, the Court finds that the state courts did not apply the wrong standard to the "tends" element by requiring proof that Petitioner's act could have caused the death of the prison guard.

■ When reviewing the sufficiency of the evidence to support a criminal conviction, the critical inquiry is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317–20, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979). This inquiry does not permit this Court to substitute its view of the evidence for that of the factfinder; rather the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319–20, 99 S.Ct. at 2789; *Alexander*, 775 F.2d 595 (1985). To make such an assessment, the reviewing court refers to the substantive elements of the criminal offense as defined by state law. *Alexander*, 775 F.2d at 598. Where the state appellate court has thoughtfully reviewed the constitutional sufficiency of the evidence, its determination of that issue is entitled to great weight. *Jackson*, 443 U.S. at 322 n. 15, 99 S.Ct. at 2791 n. 15; *Callins v. Collins*, 998 F.2d 269 (5th Cir.

---

1. It should be noted that during the trial the Defendant requested an instruction on "tends" which was refused, and offered several definitions in this summary judgment motion. Petitioner defines "tend" to require, at a minimum, that his act not be so incompatible with effecting the intended offense as to make the offense virtually impossible of achievement.

Petitioner asserts that under Texas law, the 'tends' element requires a showing of a *proven capability* and tendency to accomplish the attempted offense, or the *ability* to carry out the offense, or that the act occurred under such circumstances as are *reasonably calculated* to produce death[.]

1993), *cert. denied* —— U.S. ——, 114 S.Ct. 1127, 127 L.Ed.2d 435 (1993).

■ Applying the *Jackson* standard, this Court finds that a rational trier of fact could have found beyond a reasonable doubt that the prosecution proved every element of the offense of attempted murder including the last element which is the subject of Petitioner's complaint here. Among the facts the jury could have reasonably considered in determining that Petitioner's act of spitting tended but failed to cause death are: (1) on the date of the offense, Petitioner was in an advanced stage of infection, HIV–4; (2) a certain number of HIV-positive patients will have the virus growing in their saliva; (3) there is a greater possibility of the virus being present in saliva if blood were in the saliva; (4) blood would more likely be in saliva if Defendant needed dental work or had just eaten; (5) shortly before the spitting incident, Defendant had eaten lunch; (6) Defendant had been to the dentist two months prior to the incident and needed additional dental work; (7) expert testimony that the virus could be transmitted through saliva, especially where saliva comes in contact with the mucous membrane; (8) the spit hit the prison guard in the face and got up inside his nose; (9) the nose is lined by a mucous membrane.

The Petitioner requests the Court take judicial notice of information contained in the Texas Register related to the transmission of AIDS.[2] The Court has reviewed that evidence and finds that it cannot take judicial notice of it because the evidence is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned as contemplated in Rule 201 of the Texas Rules of Criminal Evidence. .

While the evidence was highly controverted, there is sufficient evidence in the record to meet the *Jackson* standard. Simply because there are no known cases of a person contracting the virus by being deliberately spat on by an HIV-infected person does not mean that the appellate court's review of other methods of salivary transmission are inappropriate or reflect an erroneous review of the elements of attempted murder in this case.

The Court has also reviewed the opinions of numerous other courts that have grappled with the controversy surrounding the transmission of HIV and is mindful of the fact that the question of salivary transmission has been answered negatively in some of those venues. However, despite the Court's own personal concern about this conviction, after reviewing the evidence presented at trial, the Court is unable to say that the evidence was so lacking in credibility or probative value that when viewed in the light most favorable to the prosecution, no reasonable trier of fact could have reached the same conclusion. *Jackson*, 443 U.S. at 319–20, 99 S.Ct. at 2789.

■ In his second point of error, Petitioner challenges the sufficiency of the jury charge and argues that the trial judge's charge to the jury was constitutionally inadequate, when considered in the context of the entire trial, because it negated the prosecution's burden to prove the "tends" element beyond a reasonable doubt. Petitioner asserts that throughout his trial, the prosecutor and the trial judge led the jury to believe that the state did not have to prove that this form of transmission is possible. Petitioner further asserts that, in charging the jury on how to apply the law to the facts, the court omitted the crucial "tends" element.

2. The full text of the language cited by the Petitioner reads:
COMMENT: Concerning § 97.140(B)(3)(b), relating to Counseling and Testing for State Employees Exposed to HIV on the Job, one commenter recommended need for clarification regarding the issue of biting or being bitten. RESPONSE: Biting and being bitten is not considered as an exposure to HIV because without visible blood present, saliva does not contain quantities of the virus large, enough to cause infection after exposure. If a bite or being bitten has caused the transfer of blood or other body fluids containing a high concentration of the virus between two individuals, then the exposure could lead to infection. Each biting incident should be reviewed by appropriate medical personnel to determine if an exposure has taken place.

There are four elements that must be established to prove attempted murder. They are (1) a person (2) with the specific intent to commit murder (3) does an act amounting to more than mere preparation, which (4) tends, but fails to effect the commission of murder. *Weeks v. State,* 834 S.W.2d 559, 561 (Tex.App.—Eastland 1992). Each of these elements must be proven beyond a reasonable doubt. *Jackson,* 443 U.S. at 315–16, 99 S.Ct. at 2787; *In re Winship,* 397 U.S. 358, 361–62, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970). That is, not only must the prosecutor establish intent beyond a reasonable doubt, but must also establish the "tends" element beyond a reasonable doubt as well. Therefore, it is inappropriate for the prosecutor to tell the jury that he does not have to offer proof on an essential element of the crime; to argue to the jury, as he did here, for example, that:

"[Transmission of HIV through saliva] is not necessarily an element of the case. I hope everybody realizes that after voir dire. We don't have to prove to you beyond a reasonable doubt that transmission in this form is possible. The question is his intent."

Or, further that:

"We are dealing with the subject of AIDS, how its transmitted, and basically the State has to prove beyond a reasonable doubt that the person charged, Curtis Weeks, intentionally and with the specific intent to cause the death of an individual, spit on Ronald Alford, who is a guard out at TDC, and he intended to kill him by doing that act when he was infected with HIV at the time. Does Everybody understand that? It doesn't say anywhere there that the State has to prove how the disease is transmitted or what the probability of getting AIDS is in this way or anything like that."

The Petitioner's issue is whether the charge was constitutionally adequate when considered in the context of the entire trial, including these statements. The trial court instructed the jury that:

A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails, to effect the commission of the offense intended. Such is an attempt to commit an offense.

\*   \*   \*   \*   \*   \*

Now, if you find from the evidence beyond a reasonable doubt that on or about the 8th day of June, 1988, in Walker County, Texas, the defendant, Curtis Weeks, did *attempt* to cause the death of Ronald Alford with specific intent to kill Ronald Alford, by intentionally spitting on the said Ronald Alford, while defendant was infected with human immunodeficiency virus; and you further find beyond a reasonable doubt that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of attempted murder, as charged in the indictment.

The charge must be read as a whole; each paragraph of the charge cannot be read in isolation in an effort to establish that all of the elements were not presented to the jury. When confronted with assertions of deficiencies in the jury charge the reviewing court considers the entire charge as well as the arguments made to the jury. *U.S. v. Chagra,* 807 F.2d 398, 402 (5th Cir.1986). The inquiry is whether in the context of the true trial scene the jury was given incorrect instructions. *Id.* In *Chagra,* the court found, after reviewing the charge as a whole and in the context of trial, and focusing on defense counsel's summation of the government's burden, that the charge adequately stated the government's burden.

In this case, despite the prosecutor's repeated, inappropriate and incorrect references to not having to prove the "tends" element, the charge, read as a whole and in the context of the entire trial proceedings, adequately stated the government's burden to prove beyond a reasonable doubt the "tends" element of the crime. Although the application paragraph of the charge does not specifically address the "tends" element, the court adequately incorporated such element

in the definition of "attempt". Moreover, as in *Chagra*, whatever uncertainty there may have been from the charge alone, defense counsel's summation, without objection from the prosecution or correction from the court, specifically stated the prosecution's burden to prove the "tends" element beyond a reasonable doubt. The trial court properly charged the jury on all elements of attempted murder.

Having carefully considered the motions and the arguments of the parties, and reviewed the applicable law, the Court concludes there was sufficient evidence by which a jury could reasonably find all elements of attempted murder beyond a reasonable doubt. The Court further concludes that there was no error in the charge given to the jury. Accordingly, the Court

ORDERS that Respondent's motion for summary judgment (Docket Entry # 4) is granted. Petitioner's cross-motion for summary judgment (Docket Entry # 1) is therefore denied.