IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30416
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY W. DOUBLIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1878
No. 95-CR-30024-S
--------------------
October 31, 2002

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Larry Wayne Doublin, federal prisoner # 09044-035, seeks a

certificate of appealability (COA) to appeal the district court's

denial of his 28 U.S.C. § 2255 ineffective-assistance-of-counsel

claims.  He also challenges the district court's denial of his 28

U.S.C. § 2255 claim that he was sentenced in violation of

Apprendi v. New Jersey, 530 U.S. 466 (2000).  The district court

granted COA for the issue whether Apprendi applies retroactively

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to cases on collateral review. COA was not granted on Doublin's other claims. In his COA brief before this court, Doublin addresses his Apprendi claim, as well as his ineffective-assistance-of-counsel claims.

Doublin argues: 1) his attorney was ineffective for not asserting that Doublin should be held accountable for only 48.77 grams of cocaine base; 2) he was sentenced for drug amounts not determined by the jury in violation of Apprendi; 3) his attorney was ineffective for not arguing in the district court and on appeal that Doublin was sentenced above the statutory maximum for the amount of cocaine base determined by the jury; and 4) his attorney was ineffective for not seeking a continuance of trial based upon the late discovery that an audiotape was of a conversation between Doublin and a co-conspirator, as opposed to a conversation between the co-conspirator and a third party as labeled by the Government during discovery. The Government has filed an appellee brief addressing the issue whether Apprendi applies to cases on collateral review.

We herein address all of Doublin's claims as opposed to first determining whether to grant COA on any of the issues denied COA and then addressing Doublin's appeal on the issue for which COA was granted by the district court. See United States v. Kimler, 150 F.3d 429 (5th Cir. 1999); United States v. Kimler, 167 F.3d 889 (5th Cir. 1999).

Apprendi does not apply to cases on collateral review, and the district court's denial of Doublin's claim that he was sentenced for drug amounts not determined by the jury is AFFIRMED.

To obtain a COA, Doublin must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To establish ineffective assistance of counsel, Doublin must show both 1) that his attorney's performance was deficient and 2) that the deficient performance prejudiced the defense, i.e. affected the outcome of the proceedings, either at trial or on appeal. Strickland v. Washington, 466 U.S. 668, 687 (1984); Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997).

The record shows that Doublin's attorney argued at sentencing and on appeal that Doublin should not be held accountable for the entire amount of cocaine base distributed by the conspiracy. Doublin's contentions that, had his attorney objected more strenuously, Doublin's sentence would have been less harsh are speculative and conclusional. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

The trial record reveals that there was overwhelming evidence that Doublin was involved with the distribution of large amounts cocaine base on a number of occasions, totaling over 50 grams of cocaine base. Any Apprendi error with 1) the jury not being specifically instructed that it had to find Doublin conspired to distribute 50 grams or more of cocaine base as

alleged in count one or 2) count ten not alleging a quantity of cocaine base distributed by Doublin was harmless error and would have afforded Doublin no relief on direct appeal had the claim been properly raised and addressed. See United States v. Cotton, 122 S. Ct. 1781, 1783, 1786 (2002); United States v. Green, 293 F.3d 886, 891 (5th Cir. 2002), pet. for cert. filed, No. 02-6278, Sept. 9, 2002.

Doublin's claim that his attorney failed to seek a continuance and the suppression of the audiotape seeks to re-litigate an issue decided on direct appeal. See Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997). Further, Doublin only speculates that there was an expert witness available, that such an expert would have testified favorably for Doublin, and that there was discoverable evidence demonstrating Doublin's voice was not on the tape. Such speculative claims are insufficient to establish ineffective assistance of counsel. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

Doublin has not made the requisite showing for COA with respect to his ineffective-assistance-of-counsel claims. Accordingly, COA is DENIED for these claims.

AFFIRMED. COA DENIED.