# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2013

No. 12-30126
Summary Calendar

Lyle W. Cayce
Clerk

SHANNON BROWN,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2267

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shannon Brown, Louisiana inmate # 5178331, appeals the district court's denial of his 28 U.S.C. § 2254 petition, which challenged his conviction of second degree murder. This court granted a certificate of appealability on the issue whether Brown's trial counsel rendered ineffective assistance by failing to conduct a reasonable pretrial investigation.

We review the district court's findings of fact for clear error and its legal conclusions de novo. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Where, as here, the petitioner's claim has been adjudicated on the merits by the state court, the federal court's review of the state court's decision is deferential. *Id.*; *see* § 2254(d).  Under § 2254(d), federal habeas relief cannot be granted unless the state court's adjudication "either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . , or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Summers*, 431 F.3d at 868 (citation omitted).

To be entitled to relief on an ineffective assistance claim, Brown must show both deficient performance by counsel and resulting prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The state court was required to apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To demonstrate *Strickland* prejudice, Brown was required to show a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Id.* at 694.  Review of the state court's application of the *Strickland* standard is "doubly" deferential when § 2254(d) applies. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).  "[T]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Brown contends that the state court's denial of relief on his ineffective assistance claim was improper given the evidence adduced at an evidentiary hearing.  Brown presented three eyewitnesses to the killing, who testified that the first shots were fired by someone in the crowd, rather than by Brown.  The witnesses further averred that they had not been contacted by an attorney or by an investigator.  The gist of Brown's claim is that his trial counsel performed deficiently by failing to conduct an investigation that would have found these

eyewitnesses and that he suffered prejudice because their testimony would have resulted in a different outcome at trial.

"An attorney has a duty to independently investigate the charges against his client." *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007). However, counsel's failure to hire an investigator, standing alone, is not indicative of ineffective assistance. *Id.* at 470. "The decision to hire an investigator is reviewed for reasonableness." *Id.*

In the state habeas proceeding, Brown presented no evidence from his defense team regarding his counsel's pretrial investigation and representation. Brown provided no basis for the state habeas court to make an assessment of the reasonableness of counsel's pretrial investigation; he therefore failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Brown also claims that he was prejudiced by his trial counsel's failure to interview Alice Cook, III, Jamie Brock, and Elaine Dunn prior to trial. However, he provided no evidence showing that any of these witnesses would have given testimony favorable to his defense. Additionally, as to Cook and Brock, he failed to show that they would have testified at trial. His claim therefore fails as he has not made the requisite demonstration of prejudice. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

AFFIRMED.